# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
October 30, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PAMELA R. VANCE,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0214**  (BOR Appeal No. 2046265)
                 (Claim No. 2010120467)

**FAYETTE COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Pamela R. Vance, by John Shumate Jr., her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Fayette County Board of Education, by Steven Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 25, 2012, in which the Board reversed a July 18, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 25, 2010, and September 17, 2010, decisions rejecting Ms. Vance's claim for workers' compensation benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Vance filed an application for workers' compensation benefits on January 22, 2010, alleging that she suffers from bilateral hand and wrist pain as a result of the typing and data entry required for the performance of her job as a clerk II with the Fayette County Board of Education. On July 9, 2010, Ms. Vance underwent an EMG which revealed mild right-sided carpal tunnel syndrome. On September 15, 2010, Dr. Thaxton reviewed Ms. Vance's medical record and stated that she does not suffer from work-related carpal tunnel syndrome based on a finding that

her occupation does not place her at high risk for the development of carpal tunnel syndrome. On February 22, 2011, Dr. Mukkamala performed an independent medical evaluation and stated that he disagrees with the diagnosis of carpal tunnel syndrome, but that if Ms. Vance does have carpal tunnel syndrome, it is not work-related. In decisions dated January 25, 2010, and September 17, 2010, the claims administrator rejected Ms. Vance's application for workers' compensation benefits. On July 18, 2011, the Office of Judges reversed the claims administrator's decisions and held the claim compensable for carpal tunnel syndrome.

On January 25, 2012, the Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's decisions based on a finding that the evidence of record does not indicate a clear connection between carpal tunnel syndrome and Ms. Vance's job duties, and also based on a finding that Ms. Vance's occupation did not fall within one of the occupational categories found to be at high risk for the development of carpal tunnel syndrome, which are identified in West Virginia Code of State Rules § 85-20-41.5 (2006). Ms. Vance disputes this finding and asserts that the evidence of record demonstrates that she suffers from carpal tunnel syndrome as a result of her employment.

We find that the Board of Review's conclusion that there is no causal connection between Ms. Vance's employment and her development of carpal tunnel syndrome is not supported by the evidence of record. As noted by the Office of Judges, West Virginia Code of State Rules § 85-20-41.5 does not preclude those individuals who are not engaged in one of the types of employment identified as being at an increased risk for the development of carpal tunnel syndrome from prosecuting a claim. As was also noted by the Office of Judges, Ms. Vance's treating physician has indicated that her condition is work-related. The Office of Judges found that because he was the only physician of record to question the diagnosis of carpal tunnel syndrome, which was confirmed through diagnostic testing, Dr. Mukkamala's conclusion is not supported by the evidence of record. Finally, the Office of Judges found that Dr. Thaxton and Dr. Mukkamala relied too heavily upon West Virginia Code of State Rules § 85-20-41.5 in making their final determinations. We agree with the reasoning and conclusions of the Office of Judges.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is reversed and the claim is remanded with instructions to reinstate the July 18, 2011, decision of the Office of Judges.

Reversed and remanded.

**ISSUED:   October 30, 2013**

**CONCURRED IN BY:**
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum

**DISSENTING:**
Chief Justice Brent D. Benjamin
Justice Allen H. Loughry II